No. 03-523

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 12N

IN THE MATTER OF M.J.R.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DN 2002-002
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Kevin T. Sweeney, Sweeney & Healow, Billings, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney, Billings, Montana

        Damon Gannett, Billings, Montana (Guardian ad Litem)

        Roy W. Johnson, Billings, Montana (For Mother)

Submitted on Briefs:   January 6, 2004

Decided:   January 27, 2004

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law; that the issues are factual and there clearly is sufficient evidence to support the findings of fact below; and that the court's conclusions of law are correct.  The following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     M.J.R.'s natural father, F.R., appeals the termination of his parental rights to M.J.R. We affirm.

Factual and Procedural Background

¶3     M.J.R. was born on January 3, 2002.  The Department of Public Health and Human Services (DPHHS) first became involved with M.J.R. at her birth because her mother, C.T., had her parental rights to another child terminated in May of 2001 (when she was pregnant with M.J.R.).  DPHHS questioned F.R.'s ability to parent M.J.R. because he has a history of poor impulse control and violence, including violent acts against C.T.  Both C.T. and F.R. have  histories of chemical dependency.

¶4     M.J.R. was initially placed in the care of her paternal grandmother, only to be removed after DPHHS received reports she was not being adequately cared for.  M.J.R. was adjudicated a Youth in Need of Care by the District Court at a hearing held on May 22,

2002. Temporary legal custody was then awarded to DPHHS, and M.J.R. was placed in a foster home. The District Court held a hearing on March 3, 2003, regarding the termination of M.J.R.'s parents' parental rights. The parents were not present for the hearing, despite having been personally served with the Petition for Termination of Parental Rights With Right to Consent to Adoption.

¶5     At the hearing, the court determined that M.J.R. had previously been adjudicated a Youth in Need of Care. The court also stated that M.J.R.'s parents failed to complete their court-approved treatment plans. Although C.T. and F.R. performed a few of the tasks required by the treatment plans, neither successfully completed the entire treatment plan. The court concluded that the conduct or condition which rendered the parents unfit is unlikely to change within a reasonable time. The court stated that reasonable services were provided to the parents that would make it possible for M.J.R. to be placed with her parents. However, the court determined that continuation of the relationship between M.J.R. and her parents would likely result in M.J.R. being abused or neglected. The court then terminated both F.R.'s and C.T.'s parental rights.

Discussion

¶6     We review a district court's decision to terminate parental rights to determine whether the court abused its discretion. *Matter of A.T.*, 2003 MT 154, ¶ 9, 316 Mont. 255, ¶ 9, 70 P.3d 1247, ¶ 9. "The test for an abuse of discretion is whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason

resulting in substantial injustice." *Matter of D.V.*, 2003 MT 160, ¶ 14, 316 Mont. 282, ¶ 14, 70 P.3d 1253, ¶ 14 (citation and internal quotations omitted).

¶7      "[A] natural parent's right to care and custody of a child is a fundamental liberty interest which must be protected by fundamentally fair procedures." *Matter of A.T.*, ¶ 10. "The party seeking to terminate an individual's parental rights has the burden of proving by clear and convincing evidence that the statutory criteria for termination have been met." *Matter of A.T.*, ¶ 10. "To satisfy the relevant statutory requirements for terminating a parent-child relationship, a district court must make specific factual findings. We review those findings of fact to determine whether they are clearly erroneous." *Matter of D.V.*, ¶ 14. "A finding of fact is clearly erroneous if it is not supported by substantial evidence; if the district court misapprehended the effect of the evidence; or if, after reviewing the record, this Court is left with a definite and firm conviction that the district court made a mistake." *Matter of A.T.*, ¶ 9. Last, we determine whether the district court's conclusions of law are correct. *Matter of A.T.*, ¶ 9.

¶8      Section 41-3-609, MCA, sets forth the criteria for termination of parental rights. The court may terminate "the parent-child legal relationship upon a finding established by clear and convincing evidence . . . that the child is an adjudicated youth in need of care and both of the following exist: (i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time." Section 41-3-609(f), MCA.

4

¶9     The statutory requirements for parental rights' termination are satisfied in the present case. Section 41-3-609(f), MCA. The District Court correctly determined that M.J.R. was adjudicated a Youth in Need of Care. Clear and convincing evidence supports the District Court's decision that F.R. did not successfully complete all terms of his parenting plan and that the conduct or condition which rendered F.R. unfit is unlikely to change within a reasonable time. *Matter of A.T.*, ¶ 10. F.R. has failed to show that the court abused its discretion; no finding of fact was clearly erroneous and no conclusion of law was incorrect. *Matter of A.T.*, ¶ 9. Accordingly, we affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM RICE

5